No. 43,289

J. P. Harris, et al., *Appellees,* v. Paul R. Shanahan, as Secretary of State of the State of Kansas, et al., *Appellants.*

(378 P. 2d 157)

Opinion filed January 31, 1963.

*William M. Ferguson,* Attorney General, of Topeka, and *A. K. Stavely,* Assistant Attorney General, of Topeka, argued the cause and were on the briefs for appellants.

*W. Y. Chalfant,* of Hutchinson, argued the cause, and *H. R. Branine* and *C. E. Chalfant,* of Hutchinson, were with him on the briefs for appellees.

*Per Curiam:* This action was brought challenging the validity of existing apportionment acts relating to the state Senate (G. S. 1949, 4-102) and to the seats in multi-district counties of the House of Representatives (G. S. 1961 Supp., 4-103), in light of the 1961 census.

Over fifteen years have passed since the legislature has reapportioned the seats of the state Senate, but all the seats of the House of Representatives were reapportioned in 1961. Since there will not be a primary or general election of members of the legislature until 1964, and since the 1962 census has been certified as the official state census upon which an apportionment of seats of the legislature in question could be based, and since the facts pre-

sented to this court are available to the members of the regular 1963 Session of the Legislature which is presently convened, and since the duty to reapportion is legislative in nature and is committed by our constitution to the legislature, we find that no declaration should now be made with respect to the invalidity of the existing apportionment statutes of the state Senate and to the seats in multi-district counties of the House of Representatives, and we withhold decision on the merits of all issues presented in order to afford the 1963 legislature full opportunity to heed the constitutional mandate to reapportion in accordance with Art. 10, §§ 1 and 2.

If there is to be a judicial disruption of the present legislative apportionment or of the methods or machinery for electing members of the legislature it should not take place unless and until it can be shown that the 1963 legislature has failed to perform its constitutional duty to reapportion.

Jurisdiction of this appeal is retained until further order of the court.